ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT |
| DINA K. RICHARDS AND TIMOTHY R.<br>RICHARDS, | C/A No.: 2022-CP-26-_____ |
| Plaintiff, | |
| v. | SUMMONS<br>(Jury Trial Demanded) |
| LENNAR CAROLINA, LLC, LENNAR<br>MORTGAGE, LLC | |
| Defendant. | |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Plaintiffs' Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscribers at their office at 11019 Ocean Highway, Pawleys Island, South Carolina 29585, within thirty (30) days after the service hereof; exclusive of the day of such service; and if you fail to answer the Plaintiffs' Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for relief demanded in the Complaint and judgment will be rendered against you.

**WINSLOW LAW, LLC**

S/ Thomas W. Winslow
_____
Thomas W. Winslow, Esquire (SCSB#73584)
11019 Ocean Highway
Pawleys Island, SC 29585
T: (843) 357-9301
F: (843) 357-9303
Tom@winslowlawyers.com
ATTORNEYS FOR PLAINTIFF

September 7, 2022
Pawleys Island, South Carolina

EXHIBIT A

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

STATE OF SOUTH CAROLINA
COUNTY OF HORRY

IN THE COURT OF COMMON PLEAS
FIFTEENTH JUDICIAL CIRCUIT

DINA K. RICHARDS AND TIMOTHY R.
RICHARDS,

Plaintiff,

v.

LENNAR CAROLINA, LLC, LENNAR
MORTGAGE, LLC

Defendant.

C/A No.: 2022-CP-26-_____

Complaint
(Jury Trial Demanded)

The Plaintiffs, Dina K. Richards and Timothy R. Richards (hereinafter "Plaintiffs"), bring this Complaint against Lennar Carolina, LLC (hereinafter "Lennar Carolina") and Lennar Mortgage, LLC (hereafter "Lennar Mortgage") and collectively (hereinafter "Defendants"), based upon the allegations set forth below.

## PARTIES, JURISDICTION AND VENUE

1.   At all times relevant hereto, all the events complained of occurred in Horry County, State of South Carolina.

2.   Upon information and belief, this Honorable Court has jurisdiction over the issues set forth in this case and personal jurisdiction over the parties and the amount in controversy does exceed $7,500.00, exclusive of interest and costs, including compensatory damages, punitive damages, treble damages, attorney's fees, and such other damages as are just and reasonable. This action is within the jurisdiction of this Court.

3.   The Plaintiffs are individuals and residents of the County of Horry, South Carolina.

4.   Lennar Carolina is a South Carolina corporation with a principal place of business located at 154 Rocko Drive, Myrtle Beach, South Carolina, and was the

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

developer/builder of Plaintiffs' contracted property at 341 N. Reindeer Rd, in Surfside Beach, South Carolina.

5.   Lennar Mortgage is a South Carolina corporation with a principal place of business located at 1359 21st Ave, N, Suite 105, in Myrtle Beach, South Carolina, and was the mortgage company of the Plaintiffs for their purchase of 341 N. Reindeer Rd. in Surfside Beach, South Carolina.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.   On or about August 9, 2021, Plaintiffs contracted with Lennar Carolina to build a home located Lot 9 in Beach Village, located in Surfside Beach, South Carolina with closing on November 29, 2021.

7.   Lennar Carolina recommended their in-house mortgage company, Lennar Mortgage, to Plaintiffs for the lending process promising discounts at closing.

8.   The Plaintiffs were approved for financing and placed a deposit of $9,473.00.

9.   Upon information and belief, the closing date to the home the Plaintiffs were planning on purchasing was pushed back to December 28, 2021, by Defendants through no fault of the Plaintiffs.

10. Plaintiffs were forced to live in a camper at a local campground and put their personal items into three storage units due to the delay in closing caused by Defendants.

11. Plaintiffs received notification from the Defendants that the closing was pushed back again on January 7, 2022, through no fault of the Plaintiffs.

12. On or about January 6, 2022, Plaintiffs received a phone call from a representative from Lennar stating that the loan was now denied. The Plaintiffs were given no reason as to why the loan had now been denied.

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

13. Plaintiffs' contract was canceled on January 6, 2022, without allowing them to self-fund or obtain other financing. Plaintiffs did obtain financing from another mortgage company the very next day, January 7, 2022, the date of closing.

14. Plaintiffs attempted to notify Lennar that they had obtained alternate financing and were able to close but received no response from Lennar.

15. Upon information and belief, Lennar continues to hold the Plaintiffs initial deposit or $9,473.00 and refuses to refund it.

16. On January 6, 2022, Defendants placed 341 N. Reindeer Rd under contract with a third party without notifying Plaintiffs.

17. On or about January 8, 2022, Defendants entered into a Purchase and Sale Agreement with another buyer for 341 N. Reindeer Rd, in Surfside Beach South Carolina.

18. Upon information and believe, Defendants advertised 341 N. Reindeer Rd for sale to a third party while under contract with Plaintiffs.

19. Upon information and belief, Defendants intentionally delayed closing to sell the subject property to a third party for a higher price than what was agreed upon with Plaintiffs.

20. Plaintiffs have been forced to purchase another house for over $100,000 what they were going to pay for the house on 341 N. Reindeer Rd.

## FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT LENNAR CAROLINA
### (Breach of Contract)

21. The foregoing paragraphs are hereby incorporated by reference as if fully repeated herein verbatim.

22. On or about August 9, 2021, a purchase agreement was entered into between Plaintiffs and Defendants and constituted a valid contract.

23. Plaintiffs fulfilled all their duties and conditions precedent under the home purchasing contract and/or were prepared to fulfill all their duties under the contract.

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

24. The Defendants failed to fulfill their duties under their contract as specifically set forth herein, including but not limited to:

 a. Failure to deliver the contracted for property within a reasonable timeframe.

 b. Failed to notify buyers of denial of financing in a timely manner.

 c. Intentionally delaying the closing of the property.

 d. Intentionally delaying in notifying buyers of denial of financing.

 e. Placing the property under contract with a third party while it was under contract with Plaintiffs.

 f. Failed to properly give buyers proper time to obtain a mortgage before selling property.

25. Defendants' failure to perform their duties under the contract constituted a breach of contract.

26. Plaintiffs suffered damages as the direct and proximate result of Defendants breach of contract, including but not limited to the following:

 a. Plaintiffs' continuing to pay for lot rent for a camper and rent for (3) Storage Units, months after initial closing date.

 b. Plaintiffs' having to look and purchase another house after Defendant sold their home.

 c. Having to pay over $100,000.00 more for a home of similar quality due to the intentional delay by Defendants.

 d. Attorney's fees, incidental and consequential damages, other fees and costs for having this action.

**FOR A SEDCOND CAUSE OF ACTION AS TO BOTH DEFENDANTS**

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

**(Fraudulent Misrepresentation or in the alternative Negligent Misrepresentation)**

27. The foregoing paragraphs are hereby incorporated by reference as if fully repeated herein verbatim.

28. The Defendants' false statements, representations, and concealment of material facts, as set forth above, were false.

29. Defendants made false promises of financing and discounts to Plaintiffs.

30. Defendants made false promises regarding initial closing dates to Plaintiffs.

31. Defendants intentionally delayed in notifying Plaintiffs of the denial of financing to prevent Plaintiffs from obtaining alternate financing prior to closing.

32. The Defendants profited from their misrepresentations in that they sold the property at a higher price to a third party.

33. The Defendants owed a duty of care to the Plaintiffs to ensure all material information was disclosed, and that it was disclosed truthfully.

34. The Plaintiffs justifiably relied upon the representations of the Defendants.

35. Upon information and belief, Defendants misrepresentations to Plaintiffs were intentionally made with willful malice for an untoward purpose.

36. However, in the alternative, Defendants misrepresentations were negligent, grossly negligent, wanton, careless and reckless such that Defendants should have known of their misrepresentations and the effect they would have on Plaintiffs and should have taken reasonable steps to prevent and/or rectify those misrepresentations to Plaintiff.

37. Plaintiffs suffered damages as the direct and proximate result of Defendants misrepresentations, including but not limited to the following:

    a. Plaintiffs' continuing to pay for lot rent for a camper and rent for (3) Storage Units, months after initial closing date.

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

    b.   Plaintiffs' having to look and purchase another house after Defendant sold their home.

    c.   Having to pay over $100,000.00 more for a home of similar quality due to the intentional delay by Defendants.

    d.   Attorney's fees, incidental and consequential damages, other fees and costs for having this action.

### FOR A THIRD CAUSE OF ACTION AS TO BOTH DEFENDANTS
**(Detrimental Reliance)**

38. The foregoing paragraphs are hereby incorporated by reference as if fully repeated herein verbatim.

39. On or about August 9, 2021, a purchase agreement was entered into between Plaintiffs and Defendants which constituted a contract.

40. Plaintiffs fulfilled all their duties and conditions precedent under the home purchasing contract and/or were prepared to fulfill all their duties under the contract.

41. The Plaintiffs relied upon the Defendants to make good on their assurances and obligations, stating "Our experienced team is here to help with the entire process- from financing, to selling your current home, we're here to help you navigate the entire process through closing, in its general advertising, in marketing this and similar properties" in their contract with the Plaintiffs and under South Carolina law, that they would receive assistance with any problem that came up during the closing process or course of the contract.

42. Plaintiffs relied upon Defendants assurances that Plaintiffs would receive financing from Defendants and did not initially seek financing with a different company.

43. Plaintiffs relied upon Defendants assurances that the closing date would be on November 29, 2022.

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

44. Defendants had a duty to fully live up to their own statements as they knew or should have known that Plaintiffs would rely upon that statement.

45. Defendants failed to fulfill their statement made in their documents and contract to the Plaintiffs.

46. Plaintiffs suffered damages as the direct and proximate result of Defendants misrepresentations which Plaintiffs relied on to their detriment, including but not limited to the following:

    a. Plaintiffs' continuing to pay for lot rent for a camper and rent for (3) Storage Units, months after initial closing date.

    b. Plaintiffs' having to look and purchase another house after Defendant sold their home.

    c. Having to pay over $100,000.00 more for a home of similar quality due to the intentional delay by Defendants.

    d. Attorney's fees, incidental and consequential damages, other fees and costs for having this action.

### FOR A FOURTH CAUSE OF ACTION AS TO BOTH DEFENDANTS
**(Unjust Enrichment)**

47. The foregoing paragraphs are hereby incorporated by reference as if fully repeated herein verbatim.

48. On or about August 9, 2021, a purchase agreement was entered into between Plaintiffs and Defendants which constituted a contract.

49. Plaintiffs fulfilled all their duties and conditions precedent under the home purchasing contract and/or were prepared to fulfill all duties under the contract.

50. Defendants had a duty to reimburse Plaintiff for deposit that was given at the beginning of the contract.

51. Defendants failed to fulfill the contractual duties as outlined by the contract in the following particulars, including but not limited to,

     a. Seller didn't effectively give Sixty (60) days' notice to reapply for mortgage financing per the "Mortgage Contingency Period".

     b. Other specific regards as discovery may disclose.

52. As such the Defendants have been unjustly enriched by failing to provide a complete and undamaged product to the Plaintiffs.

53. Plaintiffs suffered damages as the direct and proximate result of Defendants actions and/or omissions, including but not limited to the following:

     a. Plaintiffs' continuing to pay for lot rent for a camper and rent for (3) Storage Units, months after initial closing date.

     b. Plaintiffs' having to look and purchase another house after Defendant sold their home.

     c. Having to pay over $100,000.00 more for a home of similar quality due to the intentional delay by Defendants.

     d. Attorney's fees, incidental and consequential damages, other fees and costs for having this action.

**FOR A FIFTH CAUSE OF ACTION AS TO DEFENDANT LENNAR MORTGAGE**
**(Tortious Interference with a Contract)**

54. The foregoing paragraphs are hereby incorporated by reference as if fully repeated herein verbatim.

55. On or about August 9, 2021, a purchase agreement was entered into between Plaintiffs and Defendant Lennar Carolina which constituted a contract.

56. Defendant Lennar Mortgage intentionally led Plaintiffs to believe they were approved for financing and would receive financing until the day before their closing.

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

57. Defendant Lennar Mortgage intentionally denied Plaintiffs financing without cause in order to prevent the completion of the contract between Defendant Lennar Carolina and Plaintiffs.

58. Defendant Lennar Mortgage fraudulently and illegematly mislead Plaintiffs to prevent them from having time to obtain alternate financing.

59. Defendant Lennar Mortage's actions caused the Plaintiff to lose the purchase of the property from Defendant Lennar Carolina.

60. Plaintiffs suffered damages as the direct and proximate result of Defendants breach of contract, including but not limited to the following:

    a.  Plaintiffs' continuing to pay for lot rent for a camper and rent for (3) Storage Units, months after initial closing date.

    b.  Plaintiffs' having to look and purchase another house after Defendant sold their home.

    c.  Having to pay over $100,000.00 more for a home of similar quality due to the intentional delay by Defendants.

    d.  Attorney's fees, incidental and consequential damages, other fees and costs for having this action.

**FOR A SIXTH CAUSE OF ACTION AS TO BOTH DEFENDANTS**
**(Civil Conspiracy)**

61. The foregoing paragraphs are hereby incorporated by reference as if fully repeated herein verbatim.

62. On or about August 9, 2021, a purchase agreement was entered into between Plaintiffs and Defendant Lennar Carolina which constituted a contract.

63. Defendant Lennar Carolina recommended Plaintiffs obtain financing for the purchase of the property through their in-house mortgaging company, Defendant Lennar Mortgage.

64. Defendant Lennar Carolina represented that Plaintiffs would receive significant discounts at closing if Plaintiffs used Defendant Lennar Mortgage.

65. Defendant Lennar Mortgage approved Plaintiffs for financing until the day before closing when they notified Plaintiffs that they were denied financing.

66. Defendant Lennar Carolina refused to accept any calls or answer any emails from Plaintiffs or Plaintiffs agents on closing day when they obtained alternate financing.

67. Defendant Lennar Carolina and Defendant Lennar Mortgage are two separate legal entities and they engaged in an unlawful enterprise for the purpose of injuring Plaintiff.

68. Defendants conspired to prevent the sale of the property to Plaintiff so they could sell the property to a third party for more money.

69. Plaintiffs suffered damages as the direct and proximate result of Defendants breach of contract, including but not limited to the following:

   a. Plaintiffs' continuing to pay for lot rent for a camper and rent for (3) Storage Units, months after initial closing date.

   b. Plaintiffs' having to look and purchase another house after Defendant sold their home.

   c. Having to pay over $100,000.00 more for a home of similar quality due to the intentional delay by Defendants.

   d. Attorney's fees, incidental and consequential damages, other fees and costs for having this action.

   e. Special Damages as will be explored further at trial.

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

**WHEREFORE**, the Plaintiffs respectfully request this Honorable Court to enter judgment in their favor and against the Defendant for all causes of action and award damages, punitive damages, costs, attorney's fees, and such other relief as may be just and proper.

Respectfully Submitted,

**WINSLOW LAW, LLC**

S/Thomas W. Winslow
Thomas W. Winslow, Esquire (SCSB# 73584)
11019 Ocean Highway
Pawleys Island, SC 29585
T: (843) 357-9301
F: (843) 357-9303
Tom@winslowlawyers.com
ATTORNEYS FOR PLAINTIFF

September 7, 2022
Pawleys Island, South Carolina

ELECTRONICALLY FILED - 2022 Sep 07 2:19 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY | ) | |
| | ) | C.A. No. 2022-CP-26-05691 |
| Dina K. Richards and Timothy R. Richards, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **LENNAR CAROLINAS, LLC'S** |
| vs. | ) | **ANSWER TO THE COMPLAINT** |
| | ) | |
| Lennar Carolinas, LLC, Lennar Mortgage, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Lennar Carolinas, LLC ("Lennar Carolinas"), hereby answers Plaintiff's Dina K. Richards and Timothy R. Richards' ("Plaintiff") Complaint as follows:

## FOR A FIRST DEFENSE

1.    Each and every allegation of the Complaint not hereinafter specifically admitted is denied.

2.    Answering Paragraph 1 of the Complaint, Lennar Carolinas only admits that Plaintiffs assert that the facts giving rise to this action occurred primarily in Horry County, South Carolina.

3.    Answering Paragraph 2 of the Complaint, the allegations set forth therein are mere conclusions of law to which no response is required.

4.    Answering Paragraph 3 of the Complaint, Lennar Carolinas lacks sufficient information or knowledge to form a belief about the truth of the allegations set forth therein and, therefore, denies same.

5.    Answering Paragraph 4 of the Complaint, Lennar Carolinas admits only that it is a limited liability company created and organized under the laws of Delaware which maintains business offices in South Carolina, and conducts business in Horry County South Carolina and

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

that it was the developer of property located at 341 N. Reindeer Rd, Surfside Beach, South Carolina.  Further Answering Paragraph 4 of the Complaint, Lennar Carolinas craves reference to the contract referenced therein and denies any allegation or claims inconsistent therewith.

6.      Paragraph 5 of the Complaint sets forth Plaintiffs' characterization of a defendant other than Lennar Carolinas and requires no response. To the extent any response is required, Lennar Carolinas, upon information and belief, denies the allegations set forth in Paragraph 5 of the Complaint.

7.      Answering Paragraph 6 of the Complaint, Lennar Carolinas craves reference to the contract referenced therein and denies any allegation or claims inconsistent therewith.

8.      Answering Paragraph 7 of the Complaint, Lennar Carolinas admits that Lennar Mortgage was presented as an entity that may offer financing to the Plaintiffs for the purchase of the subject property and that if Plaintiffs obtained financing for the purchase of the subject property through Lennar Mortgage, LLC, then Plaintiffs may potentially receive a closing cost credit.

9.      Answering Paragraph 8 of the Complaint, Lennar Carolinas lacks information to admit or deny whether Plaintiffs were approved for financing by a lender because Plaintiffs did not present proof that they obtained financing for the purchase of the subject property to Lennar Carolinas.  Further answering Paragraph 8 of the Complaint, Lennar Carolinas admits that Plaintiffs made an initial deposit in the amount of $9,473.00.

10.     Lennar Carolinas denies the allegations set forth in Paragraph 9 of the Complaint.

11.     Answering Paragraph 10 of the Complaint, Lennar Carolinas lacks sufficient information or knowledge to form a belief about the truth of the allegations set forth therein and, therefore, denies same.

12.     Lennar Carolinas denies the allegations set forth in Paragraph 11 of the Complaint.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

13.     Paragraph 12 of the Complaint purports to allege matters related to and involving another defendant, and not Lennar Carolinas, Lennar Carolinas lacks sufficient information to form a belief as to the truth of the matters alleged therein and, therefore, denies same and demands strict proof thereof.

14.     Answering Paragraph 13 of the Complaint, Lennar Carolinas admits only that the Plaintiffs' contract for the purchase of the property located at 341 N. Reindeer Rd., Surfside Beach South Carolina was cancelled.  Lennar Carolinas lacks sufficient knowledge or information to admit or deny whether Plaintiffs' obtained financing on January 7, 2022, because Lennar Carolinas was not presented with proof that Plaintiffs' obtained the necessary financing on or before the date of closing.

15.     Answering Paragraph 14 of the Complaint, Lennar Carolina denies receiving notice from the Plaintiffs that they obtained the financing necessary to comply with the terms of the Purchase and Sale Agreement on or before January 7, 2022, and were able to comply with their obligations under the Purchase and Sale Agreement to close on the property on the closing date.

16.     Answering Paragraph 15 of the Complaint, Lennar Carolinas admits that it is in possession of the Plaintiffs' initial deposit and continues to hold the deposit pursuant to the terms of the Purchase and Sale Agreement.

17.     Lennar Carolinas denies the allegations set forth in Paragraph 16 of the Complaint.

18.     Answering Paragraph 17 of the Complaint, Lennar Carolinas admits that on or about January 8, 2022, it entered into an agreement with a third-party for the sale of the property located at 341 N. Reindeer Rd.

19.     Answering Paragraph 18 of the Complaint, Lennar Carolinas admits that it took steps to identify another potential purchaser for the subject property because Plaintiffs had previously failed to comply with their obligations under the Purchase and Sale Agreement.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

20.     Lennar Carolinas denies the allegations set forth in Paragraph 19 of the Complaint.

21.     Answering Paragraph 20 of the Complaint, Lennar Carolinas lacks sufficient information or knowledge to form a belief about the truth of the allegations set forth therein and, therefore, denies same.

22.     Answering Paragraph 21 of the Complaint, Lennar Carolinas repeats and realleges its answers to the allegations of the Complaint incorporated therein by reference as fully as if said answers were set forth here verbatim.

23.     Answering Paragraph 22 of the Complaint, Lennar Carolinas admits only that it entered into a Purchase and Sale Agreement with the Plaintiffs on or about August 9, 2021.

24.     Lennar Carolinas denies the allegations set forth in Paragraph 23 of the Complaint.

25.     Lennar Carolinas denies the allegations set forth in Paragraph 24 of the Complaint.

26.     Lennar Carolinas denies the allegations set forth in Paragraph 25 of the Complaint.

27.     Lennar Carolinas denies the allegations set forth in Paragraph 26, including subparts (a) through (d), of the Complaint.

28.     Answering Paragraph 27 of the Complaint, Lennar Carolinas repeats and realleges its answers to the allegations of the Complaint incorporated therein by reference as fully as if said answers were set forth here verbatim.

29.     Lennar Carolinas denies the allegations set forth in Paragraph 28 of the Complaint.

30.     Lennar Carolinas denies the allegations set forth in Paragraph 29 of the Complaint.

31.     Lennar Carolinas denies the allegations set forth in Paragraph 30 of the Complaint.

32.     Lennar Carolinas denies the allegations set forth in Paragraph 31 of the Complaint.

33.     Lennar Carolinas denies the allegations set forth in Paragraph 32 of the Complaint.

34.     Answering 33 of the Complaint, the allegations set forth therein purport to state legal conclusions to which no response is required; however, to the extent any response is required,

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

Lennar Carolinas denies the same and any remaining allegations set forth in Paragraph 33 of the Complaint.

35.    Lennar Carolinas denies the allegations set forth in Paragraph 34 of the Complaint.

36.    Lennar Carolinas denies the allegations set forth in Paragraph 35 of the Complaint.

37.    Lennar Carolinas denies the allegations set forth in Paragraph 36 of the Complaint.

38.    Lennar Carolinas denies the allegations set forth in Paragraph 37, including subparts (a) through (d), of the Complaint.

39.    Answering Paragraph 38 of the Complaint, Lennar Carolinas repeats and realleges its answers to the allegations of the Complaint incorporated therein by reference as fully as if said answers were set forth here verbatim.

40.    Answering Paragraph 39 of the Complaint, Lennar Carolinas admits that on or about August 9, 2021, it entered into a Purchase and Sale Agreement with Plaintiffs regarding the purchase and sale of property located at  341 North Reindeer Road, Surfside Beach, South Carolina 29575.

41.    Lennar Carolinas denies the allegations set forth in Paragraph 40 of the Complaint.

42.    Lennar Carolinas denies the allegations set forth in Paragraph 41 of the Complaint.

43.    Lennar Carolinas denies the allegations set forth in Paragraph 42 of the Complaint.

44.    Lennar Carolinas denies the allegations set forth in Paragraph 43 of the Complaint.

45.    Lennar Carolinas denies the allegations set forth in Paragraph 44 of the Complaint.

46.    Lennar Carolinas denies the allegations set forth in Paragraph 45 of the Complaint.

47.    Lennar Carolinas denies the allegations set forth in Paragraph 46, including subparts (a) through (d), of the Complaint.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

48.     Answering Paragraph 47 of the Complaint, Lennar Carolinas repeats and realleges its answers to the allegations of the Complaint incorporated therein by reference as fully as if said answers were set forth here verbatim.

49.     Answering Paragraph 48 of the Complaint, Lennar Carolinas admits that on or about August 9, 2021, it entered into a Purchase and Sale Agreement with Plaintiffs regarding the purchase and sale of property located at  341 North Reindeer Road, Surfside Beach, South Carolina 29575.

50.     Lennar Carolinas denies the allegations set forth in Paragraph 49 of the Complaint.

51.     Lennar Carolinas denies the allegations set forth in Paragraph 50 of the Complaint, and craves reference to the Purchase and Sale Agreement and its terms and conditions regarding the Plaintiffs' deposit.

52.     Lennar Carolinas denies the allegations set forth in Paragraph 51 of the Complaint.

53.     Lennar Carolinas denies the allegations set forth in Paragraph 52 of the Complaint.

54.     Lennar Carolinas denies the allegations set forth in Paragraph 53, including subparts (a) through (d), of the Complaint.

55.     Answering Paragraph 54 of the Complaint, Lennar Carolinas repeats and realleges its answers to the allegations of the Complaint incorporated therein by reference as fully as if said answers were set forth here verbatim.

56.     Paragraphs 55 through 60 of the Complaint purports to allege matters related to and involving another defendant, and not Lennar Carolinas, Lennar Carolinas lacks sufficient information to form a belief as to the truth of the matters alleged therein and, therefore, denies same and demands strict proof thereof.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

57.    Answering Paragraph 61 of the Complaint, Lennar Carolinas repeats and realleges its answers to the allegations of the Complaint incorporated therein by reference as fully as if said answers were set forth here verbatim.

58.    Answering Paragraph 62 of the Complaint, Lennar Carolinas admits that on or about August 9, 2021, it entered into a Purchase and Sale Agreement with Plaintiffs regarding the purchase and sale of property located at  341 North Reindeer Road, Surfside Beach, South Carolina 29575.

59.    Answering Paragraph 63 of the Complaint, Lennar Carolinas admits only that Lennar Mortgage, LLC was presented as an entity that may offer financing to the Plaintiffs for the purchase of the subject property.

60.    Answering Paragraph 64 of the Complaint, Lennar Carolinas admits that Lennar Carolinas represented to Plaintiffs that if Plaintiffs obtained financing for the purchase of the subject property through Lennar Mortgage, LLC, then Plaintiffs may potentially receive a closing cost credit.

61.    Paragraph 65 of the Complaint purports to allege matters related to and involving another defendant, and not Lennar Carolinas, Lennar Carolinas lacks sufficient information to form a belief as to the truth of the matters alleged therein and, therefore, denies same and demands strict proof thereof.

62.    Lennar Carolinas denies the allegations set forth in Paragraph 66 of the Complaint.

63.    Answering Paragraph 67 of the Complaint, Lennar Carolinas admits only that it is a separate and distinct legal entity from Lennar Mortgage and denies all remaining allegations set forth in Paragraph 67 of the Complaint.

64.    Lennar Carolinas denies the allegations set forth in Paragraph 69, including subparts (a) through (e), of the Complaint.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

## FOR A SECOND DEFENSE

65.    Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Lennar Carolinas and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.

## FOR A THIRD DEFENSE

66.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to satisfy all conditions precedent to maintain an action for breach of the Purchase and Sale Agreement.

## FOR A FOURTH DEFENSE

67.    Plaintiffs' damages, if any, were caused in whole or in part by Plaintiffs' own negligence, carelessness, recklessness, willfulness, and wantonness, or that of their agents and servants; therefore, Plaintiffs' claims against Lennar Carolinas are barred by the doctrines of contributory and/or comparative negligence.

## FOR A FIFTH DEFENSE

68.    Plaintiffs' claims are barred by the doctrines of laches, waiver, and estoppel.

## FOR A SIXTH DEFENSE

69.    Plaintiffs have failed to mitigate their damages, if any, and as a result, Plaintiffs' claims are barred or should be reduced to the extent Plaintiffs could have taken prompt and reasonable action to avoid or reduce the damages claimed.

## FOR A SEVENTH DEFENSE

70.    Plaintiffs have no contractual or statutory right to the recovery of attorneys' fees.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

### FOR AN EIGHTH DEFENSE

71.     Lennar Carolinas asserts it is entitled to all limitations of punitive damages and liabilities as set forth S.C. CODE ANN. § 15-32-520 and S.C. CODE ANN. § 15-32-530 and other applicable state and federal law.

### FOR A NINETH DEFENSE

72.     If Plaintiffs sustained injuries and damages in the manner alleged, which injuries and damages are all expressly denied by Lennar Carolinas, then the alleged injuries and damages were sustained not as the result of any fault, neglect, or want of due care on the part of Lennar Carolinas, nor of anyone for whose conduct Lennar Carolinas is in any way responsible, but solely through the fault, neglect, breach, and want of due care of Plaintiffs, all of which will be shown in this action, and for which Plaintiffs can have no recovery against Lennar Carolinas or alternatively, for which Plaintiffs' recovery should be appropriately reduced.

### FOR A TENTH DEFENSE

73.     Plaintiffs' claims are the result of the intervening and superseding acts and omissions of other entities over whom Lennar Carolinas had no control and for whom Lennar Carolinas is not responsible.  Such intervening and superseding acts and causes bar Plaintiffs' claims against Lennar Carolinas.

### FOR AN ELEVENTH DEFENSE

74.     Plaintiffs' claim for breach of contract fails because Plaintiffs defaulted on their obligation to provide Lennar Carolinas timely with proof that they obtained the necessary financing to purchase the subject property.

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

**FOR TWELFTH DEFENSE**

75.    Plaintiffs' claim for "detrimental reliance" fails because South Carolina law does not recognize an independent cause of action for detrimental reliance.  *See Weber v. Bank of Am. NA*, No. 0:13-CV-01999-JFA, 2013 WL 4820446, at *6 (D.S.C. Sept. 10, 2013) ("the court can locate no South Carolina law providing for detrimental reliance as a cause of action.").

**FOR A THIRTEENTH DEFENSE**

76.    Plaintiffs are barred by the express terms of the Purchase and Sale Agreement from recovering special, consequential, or punitive damages.

**FOR A FOURTEENTH DEFENSE**

77.    Plaintiffs' claim for unjust enrichment fails as a matter of law because Lennar Carolinas has not retained any benefit conferred to it by Plaintiffs that it is not entitled to retain.

**FOR A FIFTEENTH DEFENSE**

78.    Plaintiffs' claim for breach of contract fails due to Plaintiffs' prior breach of the contract.

**FOR A SIXTEENTH DEFENSE**

79.    Lennar Carolinas expressly reserves the right to assert additional affirmative defenses, counterclaims, cross-claims, and/or third-party claims as is necessary or appropriate as discovery continues.

WHEREFORE, having fully answered Plaintiffs' Complaint herein, Lennar Carolinas prays this Court issue its Order:

1.    Awarding Plaintiffs no recovery on its claims against Lennar Carolinas and dismissing said claims with prejudice;

ELECTRONICALLY FILED - 2023 May 03 1:59 PM - HORRY - COMMON PLEAS - CASE#2022CP2605691

2.      Awarding its costs incurred in defending this action; and

3.      Awarding Lennar Carolinas such other and further relief as this Court deems just and proper.


*s/Katon E. Dawson Jr.*

James Lynn Werner, (SC Bar No. #6029)
Katon E. Dawson Jr. (SC Bar #101167)
Parker Poe Adams & Bernstein LLP
1221 Main St., Ste. 1100
Columbia, South Carolina 29201
Telephone:      (803) 253-8000
Facsimile:      (855) 255-8017
katondawson@parkerpoe.com
jimwerner@parkerpoe.com


*Attorneys for Lennar Carolinas, LLC*

May 3, 2023
Columbia, South Carolina